HENRY M. LYMAN, PLAINTIFF-RESPONDENT, v. PENNSYL-
VANIA RAILROAD COMPANY, DEFENDANT-APPELLANT.

Submitted May 27, 1932—Decided October 17, 1932.

For the appellant, *Frank T. Lloyd, Jr.*

For the respondent, *S. Rusling Leap.*

The opinion of the court was delivered by

PARKER, J.   This is an appeal from a judgment of the
Supreme Court entered upon the verdict of a jury after a
trial at the Burlington Circuit.   Plaintiff recovered a judg-
ment of $3,000 for personal injuries and property damage
suffered by reason of collision with gas-electric car of the
defendant at a grade crossing on the Wrightstown-Pemberton
road.

Plaintiff was driving his automobile in a southwesterly di-
rection from Wrightstown to Pemberton about five-thirty
o'clock on November 12th, 1929.   It was just growing dark,
visibility was poor, and lights on his car and on the gasoline-
electric car of the defendant were lighted.   The car of the
defendant was proceeding northerly from Pemberton and in
the opposite direction to the course of plaintiff.   At the place
in question, and to the south of the point of the accident, the
tracks of the defendant parallel the public road on its south-

easterly side, which was on the left of the plaintiff. Before reaching the crossing in question, the tracks divide into two lines, the first curves to the left and crosses the highway diagonally to the north, and the second continues a short distance and then also crosses the highway diagonally to the north at a point two hundred and ten feet distant from the other crossing. The first mentioned of these lines is the Kinkora branch and the second the Hightstown branch. The car of the defendant was coming from Pemberton so that it was to the left of the road from the plaintiff, who reached the Hightstown branch crossing first. The defendant's car was proceeding on the Kinkora branch, and as it turned across the highway it came into collision with the automobile of the plaintiff. The location was an open one and there was no obstruction to vision.

Instead of having the customary crossing signs at each of these crossings, the railroad had erected but two such signs, one to the south of the southerly crossing, and one to the north of the northerly crossing. Each, in addition to the usual warning, had the words across the lower part "two crossings."

The negligence alleged in the complaint was failure to give the required signal of the approach of the train; failure to maintain a crossing free from obstruction to the view; and failure to give proper warning to persons on the highway of the presence of the crossing. The last of these was the only question submitted to the jury and is the crux of the case on this appeal.

Motions to nonsuit and direct a verdict were denied. These motions were based upon failure of proof of negligence and contributory negligence. The first point argued here concerns the denial of these motions, but the only reason urged now is that there was no evidence of defendant's negligence.

The trial judge withdrew from the jury the question of the ringing of the bell and blowing of the whistle, submitting to them the sole question of the sufficiency of the crossing sign on the near side of the first track, marked "two crossings" as a warning to plaintiff of the existence of the second crossing. Plaintiff testified he did not see this sign or the first crossing.

He also said he did not hear the whistle and bell. He saw the train approaching but thought it was a truck or bus on the roadway.

The substantial claim of the appellant is that it was not within the province of the jury to base negligence on the manner of marking the crossings with one set of signs instead of two because the statute (*Pamph. L.* 1924, *p.* 419) places control of such signs in the board of public utility commissioners. However, an examination of that statute discloses that only the inscription and design are to be passed upon by that board and that the act specifically says that such signs shall be placed at *each* crossing in the state, with a proviso not pleaded, nor invoked by anything we can find in the evidence. At the site of the accident there are two separate crossings, one on each of two separate branches of the railroad. Coming from either direction a traveler sees but one sign. Whether or not the erection of one sign on each side, marked as these were, was a compliance with the statutory duty imposed upon the defendant was at best a jury question, if indeed it was not the duty of the court to charge that to satisfy the statute each crossing must be marked separately. In either event, it was not error to refuse these motions. The statutory duty imposed by section 35, like that of ringing a bell for three hundred yards, dates from 1839 and is thus nearly a century old. *R. S.* 594; *Nixon's Digest* 1868, *p.* 785. The alternative of blowing a whistle dates from 1852. *Pamph. L., p.* 532. By the act of 1839, section 3, failure to comply with "either of the foregoing provisions" carried a penalty in a *qui tam* action, the statute adding: "Provided, that nothing herein contained shall be construed to take away from any individual or individuals any right he, she or they may have to recover damages for any injury which may be incurred by any refusal or neglect to comply with the requirements of this act." We are not aware of any decision in this state bearing on the failure to maintain a proper crossing sign as evidence of negligence; but the bell and whistle requirements were placed by the legislature in the same category, and it is every day practice

to predicate negligence on the absence of both bell and whistle signals. As to crossing signs, see 52 *C. J.* 201. *Lewis* v. *Long Island Railroad Co.,* 162 *N. Y.* 52. The proviso itself, just quoted, plainly implies a civil action growing out of disobedience of the statute. Indeed, it is not argued that negligence may not be inferable from such disobedience. The stress of the argument seems to be upon the connection of the utility commissioners with the matter, which has already been discussed. That there were two crossings, seems plain, from the geography of the locality, from the crossing sign itself so announcing, and from the argument for the appellant. It was certainly not error harmful to appellant to submit the case to the jury on that theory. This the court did in the following language, which is quoted in the third ground of appeal (we disregard the technical question of the adequacy of the exception):

"It is for you to say, whether under the circumstances, this signal, placed as it was by the railroad company, was a reasonable warning to persons traveling the highway, such as to enable them to avoid collision by the company's train. Now, that is your first question to be considered—whether or not its signal, placed as it was, and you will recall this location from the testimony, was a reasonable warning to persons traveling the highway to enable them to avoid the collision by the company's train. If you find that it was not, then you would come to the question of considering whether or not the negligence on the part of the defendant company was the proximate cause of the injury to the plaintiff in this case."

We consider the excerpt stated in the ground of appeal, read, of course, in connection with the rest of the charge. The brief of counsel omits the last sentence, and prefixes another sentence not assigned in ground 3.

The framework of the charge was to take from the jury the question of signals by bell or whistle, and leave to them two questions: first, whether the sign was a "reasonable warning;" the implication being that if it was not, the company might be negligent; and secondly, if negligence, was it such as to be a cause of the accident? Contributory negligence was properly covered.

In our view, the judge would have been quite within his rights in saying that the sign was not a reasonable warning, because not in compliance with the statute; and consequently defendant was in no way harmed by his action in allowing the jury to pass on that question.

The fourth ground relates to a ruling on evidence which is not argued.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 12.

*For reversal*—None.